DENNIS J. HERRERA, State Bar #136508
City Attorney
JOANNE HOEPER, State Bar #114961
Chief Trial Attorney
SEAN F. CONNOLLY, State Bar #152235
Deputy City Attorney
Fox Plaza
1390 Market Street, Sixth Floor
San Francisco, California 94102-5408
Telephone:     (415) 554-3863
Facsimile:      (415) 554-3837
email: sean.connolly@sfgov.org

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO

GERI LYNN GREEN, State Bar #127709
Law Offices Of Geri Lynn Green$_{LC}$
155 Montgomery Street, Suite 901
San Francisco, CA  94104
Telephone:     (415) 982-2600
Facsimile:      (415) 358-4562

Attorneys for Plaintiff
PLAINTIFF JOHN ROE


ERIC H. HOLDER, JR.
United States Attorney General
LAURA E. DUFFY
United States Attorney
ERNEST CORDERO, JR., State Bar#131865
Special Attorney
880 Front Street, Room 6293
San Diego, CA  92101
Telephone:     (619) 557-7473
Facsimile:      (619) 557-5004
Email:            ernest.cordero@usdoj.gov

Attorneys for Federal Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PLAINTIFF JOHN ROE,<br><br>            Plaintiff,<br><br>    vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, San Francisco Chiefs of Police HEATHER FONG and GEORGE GASCON, SANDRA C. JACQUEZ FLORES, | Case No. CV 10-4768 WHA<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT** |

| | |
|---|---|
| CHRISTOPHER MERINDINO, BRIAN GINN, MARIO MOLINA, JOSEPH L. FORD, DANIEL H. BUTLER, ELIZABETH A. WICKMAN, KENNETH KARCH, EMJOHN V. PASCUA, MICHAEL J. KLINKE, JOHN S. POSUSNEY, DAVID S. PARNELL, TSENG CHOW, AMY POLING, GEORGE DOBBERSTEIN, CHRISTINE LASCALZO, KRISTINE CARTER, FRANCISCO MARTINEZ, NICOLAS T. FORST, MARK HAMMELL, SANG JUN, GREGORY A. JENKINS, CHRISTINE LOSCALZO [SIC], BEN HORTON, SCOTT LAU, JOHN CAGNEY and TOM NOOLAN, and DEFENDANT DOES 1-40,<br><br>Defendants. | Hearing Date:   October 6, 2011<br>Time:          11:00 a.m.<br>Place:         Courtroom No. 9; 19th Floor<br>               450 Golden Gate Avenue<br>               San Francisco, CA 94102<br><br>Trial Date:    Not Set |

The parties submit the following case management statement pursuant to *The Standing Order for All Judges of the Northern District of California*, this Court's *Order Setting Initial Case Management Conference*, and this Court's *Supplemental Order to Order Setting Initial Case Management Conference in Civil Cases.*

**1.     Jurisdiction and Service**

This lawsuit is properly before this Court because it raises a federal question. Specifically, plaintiff alleges causes of action under 42 U.S.C. section 1983, *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), and state law, for alleged violations of plaintiff's constitutional rights by agents of the Federal government and officers of the San Francisco Police Department.

Some, but not all defendants have been properly served. The parties have met and conferred and anticipate that all remaining improperly served defendants will accept service.

**2.     Facts**

This lawsuit arises out of plaintiff's arrest in October 2008 pursuant to a joint federal, state, and local investigation of persons involved in Mara Salvatrucha ("MS-13") gang activity, also known as operation "Devils' Horns."

According to his complaint, plaintiff alleges that he was working as a confidential informant for both local and federal agencies providing information about MS-13 gang activity and that he was falsely arrested in violation of his constitutional rights as a result. The investigation resulted in at least

35 individuals being charged with RICO violations, as well as other various federal crimes. A number of those defendants have been convicted. Others have been bifurcated and are awaiting trial. Plaintiff is one of those severed co-defendants. His trial date has yet to be set. He is accused under the RICO statutes of conspiracy to commit murder and assault, and firearms possession. *United States v Cerna, et al.*, (3:08-cr-00730-WHA-20). Many of the percipient witnesses to the events at issue in this lawsuit are defendants or protected informant witnesses in that criminal case, as well.

On or about October 21, 2010, plaintiff filed this lawsuit.

On or about March 1, 2011, Judge Breyer granted plaintiff's motion to stay proceedings "pending resolution of the related criminal proceedings." Pursuant to the stay imposed by the Court and the stipulation of the parties, the City defendants and Federal defendants have not yet appeared.

On or about March 4, 2011, this court accepted re-assignment of the case, as a related case to criminal case *United States v Cerna, et al.*, (3:08-cr-00730-WHA), but did not lift the stay.

The above referenced captioned matter is scheduled for a case management conference for Thursday, October 6, 2011, at 11:00AM.

**3.     Legal Issues**

a. Whether the individual defendants violated the plaintiff's Constitutional rights under 42 U.S.C. Section 1983 and *Bivens*;

b. Whether the individual defendants are entitled to qualified immunity on plaintiff's 42 U.S.C. Section 1983 and *Bivens* claims;

c. Whether any defendant is liable for the violation of the plaintiff's Constitutional rights under 42 U.S.C. Section 1983, *Bivens*, and *Monell v. Department of Social Services,* 436 U.S. 658, 690-95 (1978);

d. Whether, and to what extent, the plaintiff is entitled to damages for the violation of their Constitutional rights under 42 U.S.C. Section 1983 and *Bivens*;

e. Whether, and to what extent, the defendants are liable for plaintiff's damages with respect to plaintiff's supplemental, state law claims;

    f. Whether, and to what extent, the individual defendants are liable for punitive damages on plaintiff's federal and/or intentional tort state law claims.

    g. Whether, and to what extent, any individual defendant is liable for damages pursuant to 42 USC §1962 (Civil RICO).

**4. Motions**

The City and federal defendants anticipate making dispositive motions as to all of plaintiff's causes of action. Specifically, defendants anticipate making a dispositive motion pursuant to *Heck v Humphries* at the close of the criminal case. Defendants believe one or more convictions of the criminal allegations will be dispositive of plaintiff's civil suit. In the event that *Heck v. Humphries* is not dispositive of this action, defendants anticipate filing summary judgment motion based, in part, on qualified immunity.

The parties believe that the current stay in effect pending resolution of the criminal case is necessary. To the extent the Court is inclined to lift the stay, the parties request permission to file a motion for stay setting forth the justification for staying this action.

**5. Amendment of Pleadings**

Plaintiff does not anticipate amending pleadings at this time, though may amend upon resolution of the criminal allegations against him.

**6. Evidence Preservation**

  The parties will preserve known evidence.

**7. Disclosures**

No disclosures have been made. Plaintiff maintains that he is not at liberty to disclose documents relevant to plaintiff's civil case because those documents are subject to a protective order imposed during the course of the criminal case.

Further, plaintiff has informed defendants that approximately five (5) Gigabytes of electronic information exists. Plaintiff takes the position that he is not authorized to release the information without a court order. Plaintiff has made no disclosure of non-privileged information due to the stay, previously imposed. Defendants have made no disclosures due to the stay previously imposed.

**8. Discovery**

As a result of Judge Breyer's stay of the proceedings pending the resolution of the criminal case, no discovery has been conducted. Pursuant to stipulation, defendants have not previously appeared in the matter. Many of the relevant documents that would be disclosed under FRCP rule 26, or discovered under FRCP rule 34, are presently subject to a protective order, and/or were filed under seal. (See ECF 634, 640, 641, 2207, 2374 in *US. v. Cerna,* Case No., 08- cr-730.) Accordingly, defendants must ascertain the availability of the documents necessary for their defense.

Further, plaintiff maintains that discovery in the criminal case is incomplete. According to the complaint, discovery in the criminal case has not been completed (Complaint, ¶57).

As noted above, the propriety of discovery of information subject to a protective order is unclear.

Further, plaintiff has indicated that he will not present himself for deposition in the civil case, as subjecting himself to examination under oath in the civil case would compromise his 5th Amendment rights in the criminal case.

The parties estimate up to 50 depositions. As noted earlier, there is approximately 5 gigabytes of electronic discovery that is thought to exist.

The parties believe that many of the percipient witnesses, that would otherwise be deposed in the course of discovery, are or were criminal defendants in the criminal case and would not submit to deposition in the present civil case, as doing so would compromise their 5th Amendment rights.

**9. Class Actions**

This case is not a class action.

**10. Related Cases**

As noted above, this case is related to the criminal matter, *United States v Cerna, et al*., (3:08-cr-00730-WHA).

**11. Relief**

Plaintiff is seeking damages, punitive damages, attorney's fees, and costs. Defendants are seeking attorneys fees and costs.

**12.   Settlement and ADR**

The parties are amenable to a magistrate judge for settlement purposes.

**13.   Consent to a Magistrate**

The plaintiff and City defendants are agreeable to consenting to trial of this case by a United States Magistrate Judge. Although the Federal defendants cannot consent to a magistrate at this time, they anticipate being able to inform the Court of their position at the time of the conference.

**14.   Other References**

The case is not suitable for such a reference.

**15.   Narrowing of Issues**

The parties have met and conferred and have agreed that many issues raised in the complaint can be narrowed after resolution of the criminal charges.

**16.   Expedited Schedule**

This case is not suitable for an expedited schedule.

**17.   Scheduling**

The parties agree that a comprehensive scheduling order cannot be made until the criminal case is resolved.

**18.   Trial**

The trial date on the criminal case has not been set. The parties anticipate the earliest date for trial of this casewould be October 2013, assuming the criminal case is resolved in the first quarter of 2012.

**19.   Disclosure of Non Party Interested Entities**

The parties are unaware of nonparties with such an interest in this lawsuit.

Dated: September 29, 2011         DENNIS J. HERRERA
                                  City Attorney
                                  JOANNE HOEPER
                                  Chief Trial Deputy
                                  SEAN F. CONNOLLY
                                  Deputy City Attorney


                            By:   s/Sean F. Connolly
                                  SEAN F. CONNOLLY
                                  Attorneys for City Defendants
                                  CITY AND COUNTY OF SAN FRANCISCO, et al.


Dated: September 29, 2011         GERI GREEN, ESQ.
                                  LAW OFFICES OF GERI GREEN, ESQ.


                            By:   s/Geri Green
                                  GERI GREEN
                                  Attorney for Plaintiff
                                  JOHN ROE


Dated: September 29, 2011         ERIC H. HOLDER, JR.
                                  UNITED STATES ATTORNEY GENERAL
                                  LAURA E. DUFFY
                                  UNITED STATES ATTORNEY
                                  ERNEST CORDERO, JR.
                                  SPECIAL ATTORNEY


                            By:   s/Ernest Cordero, Jr.
                                  ERNEST CORDERO, JR.
                                  SPECIAL ATTORNEY
                                  Attorney for Federal Defendants