IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL FRANCO,<br><br>    Plaintiff,<br><br>  v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, San Francisco Chiefs of Police HEATHER FONG and GEORGE GASCON, SANDRA C. JACQUEZ FLORES, CHRISTOPHER MERINDINO, BRIAN GINN, MARIO MOLINA, JOSEPH L. FORD, DANIEL H. BUTLER, ELIZABETH A. WICKMAN, KENNETH KARCH, EMJOHN V. PASCUA, MICHAEL J. KLINKE, JOHN S. POSUSNEY, DAVID S. PARNELL, TSENG CHOW, AMY POLING, GEORGE DOBBERSTEIN, CHRISTINE LASCALZO, KRISTINE CARTER, FRANCISCO MARTINEZ, NICOLAS T. FORST, MARK HAMMELL, SANG JUN, GREGORY A. JENKINS, CHRISTINE LOSCALZO, BEN HORTON, SCOTT LAU, JOHN CAGNEY, TOM NOOLAN, and DEFENDANT DOES 1–40,<br><br>    Defendants.<br>                                                     / | No. C 10-04768 WHA<br><br>**ORDER RE MOTION TO EXTEND TIME TO FILE MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT** |

      This civil action to recover damages arising from the indictment, arrest, and criminal prosecution of plaintiff Manuel Franco was filed October 21, 2010. Judge Charles R. Breyer stayed the action pending resolution of the related criminal proceedings in *United States of America v. Franco*, No. 08-730 WHA (Dkt. No. 45). The case was reassigned to the undersigned judge on March 7, 2011. On February 16, 2012, the jury returned its verdict in *United States of America v. Franco*. By order dated February 24, 2012, the stay in this action was lifted.

All defendants, except for Sang Jun, alleged to be a special FBI agent, moved to dismiss. The motion to dismiss was granted. The *Heck*-barred claims were dismissed without prejudice. The RICO claim, the only claim not barred by *Heck*, was dismissed with leave to file a motion for leave to file an amended complaint. The order stated (Dkt. No. 77 at 15):

> Plaintiff may seek leave to amend only as to the RICO claim and will have 14-calendar days from the date of this order to file a motion, noticed on the normal 35-day track, for leave to file an amended complaint. A proposed amended complaint must be appended to the motion. The motion should clearly explain how the amendment to the complaint cures the deficiencies identified herein.

The dismissal order was filed June 1, 2012. Plaintiff's motion for leave to file an amended complaint was due June 15. None was filed. On June 26, 2012, plaintiff filed a motion to extend the time to file the motion for leave to amend, appending a motion for leave to amend, the proposed amended complaint, and a declaration explaining plaintiff's failure to file a timely motion. The declaration states that plaintiff's counsel's "paralegal was out of the office and suffered a family emergency for two weeks preceding the required filing on June 15th," and that plaintiff's counsel "was in large part working from home and battling an illness the week of June 15, 2012" (Green Decl. ¶¶ 1, 3). Apparently, "[d]ue to a typographical error in the calendaring system, the document that was required to be filoed [sic] was misidentified" (Br. 2).

Because the amended complaint was timely filed, there will likely be little, if any, prejudice to defendants, by granting the requested relief. Plaintiff will not be penalized due to his counsel's failure to comply with a Court order given that, according to plaintiff's counsel's declaration, her failure to comply was due to illness and her paralegal having suffered a family emergency. Thus, the motion to extend the time to file a motion for leave to amend the complaint is **GRANTED**. The motion must be filed by **5 P.M. TODAY, JUNE 26, 2012.**

**IT IS SO ORDERED.**

Dated: June 26, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2