IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL FRANCO,<br><br>  Plaintiff,<br><br> v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, San Francisco Chiefs of Police HEATHER FONG and GEORGE GASCON, SANDRA C. JACQUEZ FLORES, CHRISTOPHER MERINDINO, BRIAN GINN, MARIO MOLINA, JOSEPH L. FORD, DANIEL H. BUTLER, ELIZABETH A. WICKMAN, KENNETH KARCH, EMJOHN V. PASCUA, MICHAEL J. KLINKE, JOHN S. POSUSNEY, DAVID S. PARNELL, TSENG CHOW, AMY POLING, GEORGE DOBBERSTEIN, CHRISTINE LASCALZO, KRISTINE CARTER, FRANCISCO MARTINEZ, NICOLAS T. FORST, MARK HAMMELL, SANG JUN, GREGORY A. JENKINS, CHRISTINE LOSCALZO, BEN HORTON, SCOTT LAU, JOHN CAGNEY, TOM NOOLAN, and DEFENDANT DOES 1–40,<br><br>  Defendants.<br>　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　/ | No. C 10-04768 WHA<br><br>**ORDER DENYING MOTION FOR LEAVE TO AMEND, GRANTING REQUESTS FOR JUDICIAL NOTICE, VACATING HEARING, AND ORDER TO SHOW CAUSE** |

**INTRODUCTION**

In this civil RICO action, plaintiff moves for leave to file an amended complaint. For the reasons stated below, the motion is **DENIED**.

**STATEMENT**

Plaintiff Manuel Franco, who is represented by counsel, moves for leave to file a proposed amended complaint in order to bring two claims under the Racketeer Influenced and Corrupt Organizations Act. Like the original complaint, the proposed amended complaint,

names local and federal law enforcement agents as defendants. Specifically, the proposed amended complaint names as defendants: Mario Molina and Scott Lau, alleged to be members of the San Francisco Police Department's Gang Task Force Unit, Sandra C. Jacquez Flores, Elizabeth A. Wickman, Kenneth Karch, David S. Parnell, Daniel H. Butler, and Joseph L. Ford, alleged to be officers and agents for the San Francisco Field Office of the Federal Bureau of Investigation, and Brian Ginn, Ben Horton, and Christopher Merendino, alleged to be officers and agents of the San Francisco Field Office of the Immigration and Customs Enforcement Department of Homeland Security, the ICE Street Terrorism Initiative, the ICE San Francisco Operation Community Shield, and involved in the Devil Horns investigation of the 20th Street Clique of the Mara Salvatrucha (MS-13) gang. All defendants are being sued in their individual capacities.

On February 16, 2012, plaintiff was convicted for acts he committed as a member of the MS-13 gang. Specifically, plaintiff was convicted on Count Three of the indictment, which charged him with violating 18 U.S.C. 1959(a)(6). Section 1959(a)(6) states, in relevant part, that whoever conspires to commit assault with a dangerous weapon for the purpose of gaining, maintaining, or increasing position in an enterprise engaged in racketeering activity shall be punished for attempting or conspiring to commit a crime involving assault with a deadly weapon.

Plaintiff's original theory of this civil action was that defendants, local and federal law enforcement officials, authorized the gang activities underlying his criminal conviction while he worked with them as a human source. Thus, the theory goes, by arresting and prosecuting plaintiff in the criminal action, defendants violated a panoply of plaintiff's constitutional rights (Dkt. No. 77 at 2). By order dated June 1, 2012, the Court concluded that all claims alleged in the original complaint, except the RICO claims, were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), because success on the claims would necessarily imply the invalidity of plaintiff's criminal conviction. The order, however, did not reach the issue of whether the RICO claims were barred by *Heck* because the RICO claims were so poorly pleaded, no such determination could be made. Still, the RICO claims were found to be deficient because the allegations were not specific to any particular defendant, the complaint did not identify the specific racketeering

2

activity, ie., the predicate acts, and plaintiff failed to plead facts sufficient to demonstrate financial loss. Plaintiff was permitted to seek leave to file an amended complaint to cure the deficiencies identified in the dismissal order.

In the instant motion, plaintiff proposes to amend his complaint to allege two civil RICO claims against defendants, one for a civil RICO violation and the other for RICO conspiracy (a RICO conspiracy claim cannot be maintained unless a substantive violation of RICO has been alleged). Plaintiff alleges that law-enforcement defendants were a RICO enterprise. The gist of the proposed amended complaint is that law-enforcement defendants engaged in racketeering acts, specifically, (1) extortion; (2) involuntary servitude; (3) forced labor; (4) wire fraud; and (5) obstruction of justice, for the common purpose of exploiting plaintiff, their employee, by extracting his labor in violation of state and federal minimum wage and labor laws.

The RICO claims rest on the same underlying premise: plaintiff was an employee of law-enforcement defendants, for the period starting September 2005 and ending February 2010, and was acting under their direction, with their authorization, and engaging in acts that but for said authorization would have been illegal. By convicting plaintiff in his criminal proceeding of Count Three, the jury necessarily found plaintiff committed the requisite criminal acts, at least some of which occurred during the period relevant to this civil action, with the requisite criminal intent. Thus, success on the RICO claims in this civil action would necessarily impugn plaintiff's criminal conviction. The one possible exception, however, would be a finding of liability on the RICO claims based on the predicate act of obstruction of justice. This is because as pleaded, it is unclear if the RICO claims based on the predicate act of obstruction of justice would be barred by *Heck*. Even if they were not, such a claim would fail because plaintiff has, again, failed to identify the particular defendant(s) engaged in the predicate act of obstruction of justice and because one predicate act is not sufficient to establish a pattern of racketeering activity. Thus, leave to amend would be futile. The order need not reach any other arguments raised by the parties.

3

**ARGUMENT**

**1. STANDARD.**

Pursuant to FRCP 15(a)(2), a district court should freely give leave to amend when justice so requires, absent a showing of bad faith, dilatory motive, or undue prejudice to another party. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Leave to amend may be denied, however, if the proposed amendment is futile or would be subject to dismissal. *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A claim is facially plausible when there are sufficient factual allegations to draw a reasonable inference that the defendants are liable for the misconduct alleged. "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996) (citation omitted).

**2. HECK V. HUMPHREY.**

Defendants contend that leave to amend must be denied because, among other reasons, the RICO claims alleged in the proposed amended complaint are barred by *Heck*, and will not accrue, if ever, until plaintiff's conviction is overturned. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal . . . . Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

512 U.S. at 486–87. The rationale of *Heck* applies to RICO and conspiracy claims. *See Boulware v. Dep't of Ins.*, 2009 WL 3271060, at *5 (C.D. Cal. 2009) (RICO claim); *Guerrero v. Gates*, 442 F.3d 697, 703–04 (9th Cir. 2006) (conspiracy claim).

The elements of a civil RICO claim are as follows: "(1) conduct; (2) of an enterprise; (3) through a pattern (4) of racketeering activity (known as predicate acts); (5) causing injury to

4

plaintiff's business or property." *Living Designs, Inc. v. E.I. Dupont de Nemours and Co.*, 431 F.3d 353, 361 (9th Cir. 2005). A plaintiff is required under RICO to allege for each particular defendant the specific "racketeering activity" they are alleged to have committed. *Bach v. Idaho State Bd. of Med.*, 2012 WL 175417, *5 (D. Idaho 2012).

Plaintiff's criminal conviction has not been overturned on appeal or otherwise invalidated. Plaintiff's theory, however, is that he was an employee of defendants and managed and controlled by them, and directed to do work for which he was subsequently prosecuted. The purpose of the RICO enterprise, comprised of all defendants, was " to perpetuate the informant worker exploitation scheme." In order to accomplish this common purpose, "the Enterprise defendants knowingly and willfully committed [five] predicate offenses," the alleged racketeering activity (Amd. Compl. ¶ 140). To prevail on the RICO claims, plaintiff would need to prove that plaintiff was their employee, acting at their direction, with authorization for the criminal acts he committed while so employed.

Plaintiff's defense to *Heck* is that the instant civil action is "unrelated to [plaintiff's] arrest, prosecution and conviction for unauthorized criminal activities." The claim that a finding that "Franco was an Employee would invalidate his conviction is [] in error" plaintiff argues, because "it is based entirely on the Defendants' claim that the jury rejected the idea that Franco was working for the government." But, plaintiff contends, his acquittals on Counts One, Two, and Four, are indicative of the jury's finding that he was "acting with public authority at least for part of the time" (Reply Br. 2–3).

*The problem is that in the criminal action the jury found that plaintiff acted with the requisite criminal intent when committing the acts for which he was convicted, even given that some of the acts were committed during the time he served as a human source.* Thus, the jury rejected the defense that plaintiff was authorized to commit the acts for which he was convicted. This civil action encompasses the period of time during which plaintiff committed the acts for which he was convicted in the criminal trial. As such, a finding in this civil action that plaintiff was employed by defendants and acting at their direction and with their authorization, as he alleges, would necessarily imply the invalidity of his criminal conviction.

5

1 *First*, during his criminal trial, plaintiff claimed that law enforcement officers authorized

2 him to engage in the conduct forming the basis for his conviction. The jury rejected this defense

3 based on the evidence at trial on the following instruction (RJN 2 at ¶ 32):

> Defendant Franco contends that he was authorized by government law enforcement officers to commit the acts charged in Counts One, Two, Three and Four. If a person engages in conduct that violates a criminal statute at the request of a government law enforcement officer, with a sincere and reasonable belief that he is acting as an authorized government agent to assist in law enforcement activity, then that person may not be convicted of that otherwise illegal act, because the requisite criminal intent is lacking.
>
> As such, you may not convict [plaintiff] on any count unless the government proves beyond a reasonable doubt that [plaintiff] did *not* have a sincere and reasonable belief that he was acting as an authorized government agent to assist in law enforcement activity when he committed the offense charged in that count.
>
> Each count must be evaluated separately. The fact that [plaintiff] was authorized to commit one crime does not necessarily mean he was authorized to commit another crime. Similarly, if [plaintiff] had a sincere and reasonable belief that he was acting as an authorized agent to assist in law enforcement activity with respect to one crime, it does not necessarily follow that he had a sincere and reasonable belief as to other crimes.

16 In order for plaintiff to prevail on his RICO claims, he would need to prove that

17 defendants engaged in "a pattern of racketeering activity." Here, he claims that defendants were

18 engaged in five predicate acts constituting racketeering activity: (1) extortion; (2) involuntary

19 servitude; (3) forced labor; (4) wire fraud; and (5) obstruction of justice. Plaintiff alleges that

20 law-enforcement defendants coerced him into staying in the MS-13 gang by threatening him and

21 using false promises, such as defrauding him into believing that he would not be criminally

22 prosecuted if he worked for defendants and that he would even become a law enforcement

23 officer if he continued to work with them (Amd. Compl. ¶¶ 61, 70, 71, 72, 145).

24 If a jury in this civil action were to find that plaintiff was an employee of law-

25 enforcement defendants acting under their supervision, control, and at their direction — a

26 finding necessary to prevailing on the RICO claims — this would undermine the validity of the

27 conviction because the jury in the criminal action found that plaintiff did not act with a sincere

28 and reasonable belief that he was assisting law enforcement in committing the acts for which he

1 was convicted (RJN Exh. 2 at ¶ 32).

2 *Second*, during trial, plaintiff's request to instruct the jury on the Ninth Circuit Model
3 Criminal Jury Instructions 6.2 (entrapment), 6.5 (duress), 6.7 (justification) was denied. The
4 order of denial stated (RJN Exh. 3 at 7–8):

> No evidence of inducement was presented at trial. Although defendant Franco worked as a government informant for the SFPD and the FBI, there was no evidence that any agent embedded him in MS-13, induced him to conspire to conduct or participate in the conduct of the affairs of MS-13, induced him to conspire to commit murder or assault with a dangerous weapon in furtherance of racketeering, or induced him to possess firearms *in furtherance* of the charged conspiracies. While defendant Franco was authorized to serve as a "listening post" — he was not charged with mere presence during gang activity. He was charged with actively conspiring and participating in unauthorized criminal activity. There was no indication that government agents took any action to induce him to conspire to further the goals of MS-13.

12 Now, plaintiff alleges that law-enforcement defendants induced him to continue to work
13 for them and participate in the affairs of MS-13 by way of engaging in activity that defendant
14 believed would have been illegal but for the authorization he allegedly received (Amd. Compl.
15 ¶¶ 56, 70, 97, 145). If plaintiff were to prevail on his RICO claims it would necessarily imply
16 that the Court erred in denying plaintiff's request in the criminal case for certain jury instructions
17 and imply the invalidity of the conviction. This is so because in order to find defendants liable
18 for racketeering, a jury would need to find defendants committed racketeering activity. At
19 minimum, the alleged racketeering activity of extortion, involuntary servitude, forced labor, and
20 wire fraud are premised on the allegation that plaintiff was employed, directed, and controlled by
21 defendants for the same period for which the jury convicted him of committing criminal acts,
22 finding he was *not* induced or forced to commit the acts for which he was convicted. The RICO
23 claims are barred by *Heck*, except to the extent stated below.

### 3. OBSTRUCTION OF JUSTICE.

25 One of the five racketeering activities plaintiff accuses defendants of committing is
26 obstruction of justice based on defendants alleged concealment of plaintiff's employment from
27 the grand jury, coercing false confessions from plaintiff, and concealing the documentation
28 concerning plaintiff's employment by defendants from his criminal defense attorney (Amd.

7

Compl. ¶¶ 74, 167–68) (The proposed amended complaint contains two paragraphs numbered as 167 and 168. This reference is to paragraphs 167 and 168 on page 25 of the proposed amended complaint.) Like the original complaint, the obstruction of justice allegations are poorly pleaded, so it is difficult to determine if a finding of guilt on the RICO claims based on the predicate act of obstruction of justice would be barred by *Heck*. In any event, plaintiff was made aware in the order dismissing the original complaint that the original complaint was poorly pleaded and the amended complaint would need to cure the deficiencies identified therein.

One such deficiency identified in the dismissal order is that plaintiff must allege for each particular defendant the specific racketeering activity he is alleged to have committed (Dkt. No. 77 at 14) (citing *Bach v. Idaho State Bd. of Med.*, 2012 WL 175417, *5 (9th Cir. 2012). Still, the proposed amended complaint does not do so. Instead, plaintiff merely alleges that "defendants" or the "enterprise defendants" committed the acts constituting obstruction of justice. This is not sufficient to state a RICO claim based on the predicate act of obstruction of justice. Plaintiff has had close to two years to settle the pleadings and plead his best case. He has failed to do so, even after the Court provided specific guidance on how to cure the deficiencies identified in the original complaint. But, even if plaintiff were permitted to amend again to cure this deficiency, a RICO claim cannot exist based on one predicate act, such as obstruction of justice. *See Turner v. Cook*, 362 F.3d 1219, 1228–31 (9th Cir. 2004). Leave to amend would be futile.

### 4. REQUESTS FOR JUDICIAL NOTICE.

Defendants request judicial notice of the (1) special verdict form, (2) final charge to the jury, (3) the memorandum opinion regarding denial of request for entrapment, duress, and justification instructions, (4) defendants' motion to dismiss at docket number 63; (5) defendants' reply to the motion to dismiss at docket number 70; (6) the original complaint, (7) the third superseding indictment; (8) jury instructions 6.2, 6.5, and 6.7 requested by plaintiff, and (9) the order denying defendant's post-trial motion for judgment of acquittal or new trial (Dkt. No. 87-1, 88 n. 8). The request for judicial notice is **GRANTED**. FRE 201.

**CONCLUSION**

For the above-stated reasons, plaintiff's motion for leave to file an amended the complaint is **DENIED**. The operative complaint has been dismissed as to all defendants except Sang Jung, who has not participated in any of the motion practice. The reasons in the order of dismissal dated June 1, 2012, apply equally to defendant Sang Jung, one of the so-called federal defendants. By **JULY 30, 2012**, plaintiff is **ORDERED TO SHOW CAUSE** why defendant Sang Jung should not be dismissed from this action for the reasons stated in the previous dismissal order and this order. The hearing set for August 2, 2012, is hereby **VACATED**.

**IT IS SO ORDERED.**

Dated: July 23, 2012.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE